UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GLENDA H., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | CASE NO. C18-6034 BAT <br><br> **ORDER REVERSING THE COMMISSIONER'S FINAL DECISION AND REMANDING FOR FURTHER PROCEEDINGS** |

Plaintiff appeals the ALJ's decision finding her not disabled. The ALJ found degenerative joint/disc disease and status post bilateral carpal tunnel release are severe impairments; plaintiff has the RFC to perform light work limited to occasional climbing and overhead reaching; and plaintiff is not disabled because she can perform past work.

Plaintiff contends the ALJ harmfully erred by failing to find she has a severe mental impairment at step two and by discounting her testimony about the severity of her limitations. For the reasons below, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

/

/

## A. The ALJ's Step Two Determination

At step two the ALJ found plaintiff's "depressive disorder" was medically determinable but not severe. Tr. 18. Plaintiff correctly contends the ALJ erred. The ALJ gave great weight to the opinions of examining Dr. Yun-Ju Cheng, Ph.D., who opined, among other things, plaintiff may have "difficulty with working memory," reports difficulty with sustaining attention and concentration," and appeared to have some difficulty dealing with stress and adapting to change." Tr. 453. The ALJ is required to discuss these limitations or give specific and legitimate or clear and convincing reasons to reject them. This is because in determining a claimant's RFC, an ALJ must assess all the relevant evidence, including medical reports and descriptions of limitation, to determine what capacity the claimant has for work. *See* 20 C.F.R. § 416.945(a). The ALJ failed to do so and accordingly erred.

Plaintiff also presented to the Appeals Council the evaluation of examining doctor Dan Neims, Psy.D. Dr. Neims opined plaintiff was moderately limited in her ability to perform work within schedule, maintain attendance, be punctual, adapt to routine changes, make simple work related decisions, communicate effectively, maintain appropriate behavior, complete a normal workday or set realistic goals. Tr. 120. Dr. Neims' opinion undermines the ALJ's determination that plaintiff's mental conditions are not severe; accordingly, the matter must be remanded for further proceedings. *See e.g. Ramirez v. Shalala*, 8 F.3d 1449,1451-52 (9th Cir. 1993) (Court may consider new evidence submitted to the Appeals Council in determining whether the ALJ's decision is supported by substantial evidence).

In short, for the reasons above the Court concludes the ALJ harmfully erred by failing to properly assess plaintiff's mental health limitations on her ability to perform gainful work activity and that the matter must be remanded for further proceedings.

**B.     Plaintiff's Testimony**

The ALJ rejected plaintiff's testimony about how her carpal tunnel syndrome caused hand pain and cramping and how the condition also limited her ability to hold items for long periods of time. The ALJ rejected her testimony on the grounds plaintiff can prepare meals, do some house work, drive a car, shop, babysit, do laundry and clean the house. The ALJ erred. These activities do not contradict plaintiff's testimony because plaintiff did not claim she had no use of her hands. Rather she claimed she was limited in the use of hands, and such a limitation would not preclude the activities above.

The ALJ also rejected plaintiff's testimony as contradicted by her treatment records regarding her neck, normal gait, range of wrist movement and moderate grip strength. The ALJ presents no explanation of a logical connection between plaintiff's neck and gait and her carpal tunnel symptoms. Plaintiff testified she suffers pain and cramping in the hands, not that she could was unable to move her wrists or that her grip strength was inadequate. The medical records the ALJ referenced thus do not contradict plaintiff's testimony.

Accordingly, the ALJ failed to give clear and convincing reasons supported by substantial evidence to reject plaintiff's testimony. The failure is harmful because the ALJ's complete rejection of plaintiff's testimony resulted in a RFC determination that omitted any mention of limitations related to plaintiff's hands. Instead the ALJ found plaintiff could perform past relevant work as a bartender, retail clerk and casino worker which are jobs that would seem to require little to no limitations with the use of the workers hands.

## CONCLUSION

The Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g). On remand the

ORDER REVERSING THE COMMISSIONER'S FINAL DECISION AND REMANDING
FOR FURTHER PROCEEDINGS - 3

ALJ shall reassess the opinions of Drs. Cheng and Neims, reassess plaintiff's testimony, develop the record and redetermine plaintiff's RFC as necessary, and proceed to steps four and five as appropriate.

DATED this 14th day of May, 2019.

_____
BRIAN A. TSUCHIDA
Chief United States Magistrate Judge